MOUNT PLEASANT PUBLIC SCHOOLS v MICHIGAN AFSCME
COUNCIL 25, AFL-CIO, AND ITS AFFILIATED LOCAL 2310

LAKEVIEW COMMUNITY SCHOOLS v LAKEVIEW EDUCATIONAL
SUPPORT PERSONNEL ASSOCIATION/MEA/NEA

Docket Nos. 304326, 304342. Submitted October 8, 2013, at Lansing.
    Decided October 15, 2013, at 9:00 a.m. Leave to appeal sought.

    AFSCME Council 25, AFL-CIO, and its affiliated Local 2310, filed an
    unfair labor practice complaint with the Michigan Employment
    Relations Commission (MERC) against Mount Pleasant Public
    Schools, claiming that Mt. Pleasant had violated the public em-
    ployment relations act, MCL 423.201 *et seq.* (PERA), because it
    was denied an opportunity to bid on professional cleaning services
    when Mt. Pleasant issued a request for proposal (RFP) for such
    services in the school district, including locations already staffed
    by AFSCME 2310 members. AFSCME demanded to negotiate the
    bidding procedure, which Mt. Pleasant denied.

    Lakeview Educational Support Personnel Association/MEA/NEA
    (LESPA), filed an unfair labor practice complaint with MERC
    against Lakeview Community Schools, claiming that it was not
    given an equal opportunity to bid on an RFP issued by Lakeview to
    subcontract student transportation services in the district because
    the RFP limited bidding to independent contractors with at least
    five years' experience. LESPA submitted a demand to bargain the
    bidding-process terms, as well as a demand to bargain the decision
    and effects of subcontracting transportation, all of which Lakeview
    denied.

        The MERC hearing officer consolidated the actions. Charging
    parties asserted that respondents had breached their duty to
    bargain under MCL 423.210(1)(e) of PERA when they refused to
    bargain over procedures for bidding on the subcontracting of
    noninstructional support services pursuant to MCL 423.215(3)(f).

        Following a consolidated hearing, the hearing officer made find-
    ings of fact and recommended dismissal of AFSCME's and LESPA's
    unfair labor practice charges. The MERC accepted the hearing
    officer's findings and the recommended orders of dismissal in both
    actions, concluding that, (1) under MCL 423.215(3)(f), as amended by

2009 PA 201, the only issue to be bargained with regard to bidding was whether the bargaining unit was to be given an opportunity to bid on an equal basis as other bidders, (2) the respective RFPs were properly designed for third-party contractors and the bargaining units could be required to meet some of those requirements, and (3) because the charging parties did not submit proper bids, they could not complain that they were not given an equal opportunity to bid. AFSCME and LESPA appealed.

The Court of Appeals *held*:

1. Under MCL 423.215(3)(f), collective bargaining between a public school employer and a bargaining representative of its employees does not include: (1) the decision to contract for noninstructional support services, (2) the procedures for obtaining that contract, (3) the identity of the third party, and (4) the impact of the contract for noninstructional support services on individual employees or the bargaining unit. The statute plainly provides that bargaining may only occur on whether the public school employer will allow the bargaining unit to bid on the contract on an equal basis. MCL 423.215(3)(f) plainly states that once that bargaining unit is provided with an equal opportunity to bid, then the prohibition on bargaining applies; however, if the bargaining unit is not provided with an equal opportunity to bid then the section 15(3)(f) exceptions are subject to bargaining.

2. When the basis of an unfair labor practice charge is that the charging party was denied an equal opportunity to bid on an equal basis, the charging party has the burden of proof to establish that it was not afforded an opportunity to bid on an equal basis as other bidders. In this case, the MERC did not err by requiring AFSCME and LESPA to establish that they were denied an equal bidding opportunity.

3. There was competent, material, and substantial evidence to support the MERC's finding that AFSCME could not complain that it was not provided an opportunity to bid on an equal basis because it did not submit a proper bid. AFSCME should have requested exceptions to the RFP's requirement that it believed it was unable to meet rather than failing to submit a bid. The MERC did not err when it dismissed AFSCME's unfair labor practice charge.

4. There was competent, material, and substantial evidence to support the MERC's finding that LESPA could not complain that it was not provided an opportunity to bid on an equal basis because it did not submit a proper bid. LESPA's bid was a proposal for a collective bargaining agreement that sought to bargain over Mt. Pleasant's decision to subcontract, which is a prohibited subject of

bargaining under MCL 423.215(3)(f) and does not constitute a proper bid. The MERC did not err when it dismissed LESPA's unfair labor practice charge.

5. The MERC did not abuse its discretion by denying AFSCME's motion to reopen the record because AFSCME did not fully address the issue and failed to demonstrate that it could not have discovered the evidence with reasonable diligence and produced it at the original hearing.

Affirmed.

1. LABOR RELATIONS — PUBLIC SCHOOL EMPLOYERS — COLLECTIVE BARGAINING — BARGAINING EXCLUSIONS — NONINSTRUCTIONAL SUPPORT SERVICES.

Under MCL 423.215(3)(f), collective bargaining between a public school employer and a bargaining representative of its employees does not include: (1) the decision to contract for noninstructional support services, (2) the procedures for obtaining that contract, (3) the identity of the third party, and (4) the impact of the contract for noninstructional support services on individual employees or the bargaining unit; bargaining may only occur on whether the public school employer will allow the bargaining unit to bid on the contract on an equal basis; once that bargaining unit is provided with an equal opportunity to bid, then the MCL 423.215(3)(f) prohibition on bargaining applies; if the bargaining unit is not provided with an equal opportunity to bid then the MCL 423.215(3)(f) prohibitions are subject to bargaining.

2. LABOR RELATIONS — UNFAIR LABOR PRACTICES — BURDEN OF PROOF — OPPORTUNITY TO BID ON EQUAL BASIS.

When the basis of an unfair labor practice charge is that the charging party was denied an equal opportunity to bid on an equal basis, the charging party has the burden of proof to establish that it was not afforded an opportunity to bid on an equal basis as other bidders.

*Thrun Law Firm, PC* (by *Donald J. Bonato*) for Mount Pleasant Public Schools.

*Miller Cohen, PLC* (by *Robert D. Fetter*), for Michigan AFSCME Council 25, AFL-CIO, and its affiliated Local 2310.

*Varnum LLP* (by *John Patrick White*) for Lakeview Commmunity Schools.

*Kalniz, Iorio & Feldstein Co, LPA,* (by *Fillipe S. Ioria*), for Lakeview Educational Support Personnel Association/MEA/NEA.

Before: SERVITTO, P.J., and WHITBECK and OWENS, JJ.

PER CURIAM. This matter involves a consolidated appeal from the Michigan Employment Relations Commission (MERC). In Docket No. 304326, the charging party, Michigan AFSCME Council 25, AFL-CIO, and its affiliated Local 2310 (AFSCME), appeals as of right the MERC's order dismissing its unfair labor practice charge against Mount Pleasant Public Schools (Mt. Pleasant). In Docket No. 304342, the charging party, Lakeview Educational Support Personnel Association/MEA/NEA (LESPA), appeals as of right the MERC's order dismissing its unfair labor practice charge against Lakeview Community Schools (Lakeview). The MERC reviewed the cases together and determined that the respondents did not breach their duty to bargain under the public employment relations act (PERA), MCL 423.210(1)(e), when they refused to bargain over procedures for bidding on the subcontracting of noninstructional support services pursuant to section 15(3)(f) of PERA, MCL 423.215(3)(f). We affirm the MERC's order in both appeals.

I. FACTS

A. DOCKET NO. 304326

On March 15, 2010, Mt. Pleasant issued a request for proposal (RFP) for professional cleaning services for many of the locations within the district, including those already staffed by AFSCME 2310 members. AFSCME demanded to negotiate the bidding procedure, but Mt. Pleasant denied its request. AFSCME filed a charge against Mt. Pleasant, alleging that it

had violated sections 10(1)(e), 15(1)(e), and 15(3)(f) of PERA, in that it was denied an equal opportunity to bid on professional cleaning services. AFSCME alleged that Mt. Pleasant had failed to bargain in good faith, even though it was mandatory.

The hearing officer issued an order to show cause why the charge should not be dismissed without a hearing. Specifically, the order noted that section 15(3)(f), of PERA as amended by 1994 PA 112, does not require a school district to bargain with a labor organization over the subcontracting of noninstructional support services. Rather, the order recognized that it only requires that the school district give the bargaining unit "an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders." See section 15(3)(f) of PERA, as amended by 2009 PA 201. The order also made it clear that the current section 15(3)(f) does not make bidding for the subcontracting of noninstructional support services a mandatory subject of bargaining.

AFSCME responded to the order to show cause, arguing that it was denied an opportunity to bid on an equal basis because the RFP required the bidders to be a corporation that has been in business for at least 5 years, and the union could not meet these requirements. Also, AFSCME argued that most of the provisions in the RFP were impossible for the union to comply with. AFSCME argued that the section 15(3)(f) language, as amended by 2009 PA 201, which prohibited from bargaining "the procedures for obtaining the contract for noninstructional support services other than bidding described in this subdivision," excluded the procedures for providing a bid on an equal basis as one of the prohibited subjects of bargaining. Further,

AFSCME interpreted section 15(3)(f) to state that if the union was not provided with an opportunity to bid on an equal basis, then subcontracting is no longer a prohibited subject of bargaining.

B. DOCKET NO. 304342

On January 22, 2010, Lakeview provided prospective bidders with an RFP to notify them that it was seeking bids for student transportation services. On January 25, 2010, LESPA submitted a demand to bargain the bidding-process terms, which Lakeview declined. LESPA then submitted a "renewed" demand to bargain the bidding-process terms, as well as a demand to bargain the decision and effects of subcontracting transportation, which Lakeview also declined.

On March 8, 2010, LESPA filed a charge against Lakeview, alleging that Lakeview violated sections 10(1)(a), 10(1)(c), and 10(1)(e) of PERA in that it had denied LESPA the opportunity to bid on a transportation contract on an equal basis as other bidders, and had refused to bargain.

The hearing officer also issued an order to show cause that contained identical language to that of the order issued to AFSCME with regard to the interpretation of section 15(3)(f). LESPA responded to the order to show cause, arguing that the recent amendment to section 15(3)(f) restored the rights of the parties to collectively bargain over the subcontracting of noninstructional support services. LESPA argued that bidding is now a mandatory subject of bargaining. Further, LESPA asserted that the collective bargaining prohibition on other aspects of subcontracting, such as the decision and impacts of subcontracting, is not applicable if a bargaining unit is not given an equal opportunity to bid. LESPA argued that it was not given an

equal opportunity to bid because the RFP provided that the bidding was limited to independent contractors with at least five years of experience, and the union could not meet these requirements.

### C. THE MERC DECISION

A formal hearing was held by the hearing officer in which the cases were consolidated. The hearing officer determined that the prohibition on bargaining over subcontracting "continues to apply as long as the bargaining unit is given an opportunity to bid on the contract on an equal basis as other bidders." Following the hearing and after considering the parties' exceptions to the hearing officer's findings, the MERC accepted those findings, and issued an order dismissing both of the charging parties' unfair labor practice charges. The MERC stated the following:

> The 2009 amendment to Section 15 expressly prohibits bargaining over the procedures for obtaining a contract for noninstructional support services. The exemption asserted by Charging Parties does not apply to bidding in general. It applies to "the bidding described in this subsection." The bidding described in subsection 15(3)(f) is the "opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders." Giving due consideration to the general purpose of the 1994 and 2009 amendments to Section 15 of PERA, we find that the only issue to be bargained with regard to bidding is whether the bargaining unit is to be given an opportunity to bid on an equal basis as other bidders. If a public school employer fails to give the bargaining unit an opportunity to bid on an equal basis as other bidders, the prohibitions of subsection 15(f) [sic] are removed. If the bargaining unit is given an equal opportunity to bid, bargaining over other procedures for obtaining the contract, including the procedures for bidding, is prohibited.

The MERC further stated that, contrary to the charging parties' argument, it is to be expected that the RFP will be designed for third-party contractors and the bargaining units will be required to meet some of those requirements. The MERC noted that the statute "provides for an equal bidding opportunity, not one that is designed for response by a bargaining unit or a labor organization." Finally, the MERC concluded that because the charging parties did not submit proper bids, they could not complain that they were not given an equal opportunity to bid.

The charging parties filed these appeals, arguing that the MERC (1) misinterpreted section 15(3)(f) of PERA; (2) erroneously shifted the burden of proof to the charging parties to demonstrate that they were not provided with an equal opportunity to bid; and (3) failed to support its findings with competent, material, and substantial evidence. In addition, AFSCME argued that the MERC erroneously denied its motion to reopen the record.

## II. INTERPRETATION OF MCL 423.215(3)(F)

First, the charging parties argue that the MERC misinterpreted MCL 423.215(3)(f). We disagree. Questions of statutory interpretation are reviewed de novo. *Macomb Co v AFSCME Council 25 Locals 411 & 893*, 494 Mich 65, 77; 833 NW2d 225 (2013). "As a result, an administrative agency's legal rulings are set aside if they are in violation of the constitution or a statute, or affected by a substantial and material error of law." *Id.* (quotation marks and citation omitted).

In *In re Harper*, 302 Mich App 349, 354-355; 839 NW2d 44 (2013), this Court recently provided the foundation for reviewing questions of statutory interpretation:

The "primary goal" of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini*, 490 Mich 239,

246-247; 802 NW2d 311 (2011). A statutory provision must be read in the context of the entire act, and "every word or phrase of a statute should be accorded its plain and ordinary meaning." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted). Only when the statutory language is ambiguous may a court consider evidence outside the words of the statute to determine the Legislature's intent. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). However, "[a]n ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute, as used in its particular context, has more than one common and accepted meaning." *Papas*, 257 Mich App at 658.

"If a statute does not expressly define its terms, a court may consult dictionary definitions." *People v Gregg*, 206 Mich App 208, 211-212; 520 NW2d 690 (1994).

Section 15 of PERA provides that a public employer has the duty to bargain in good faith with the bargaining unit over mandatory subjects of bargaining, which include wages, hours, and other terms and conditions of employment. MCL 423.215(1); see also *Amalgamated Transit Union, Local 1564, AFL-CIO v Southeastern Mich Transp Auth*, 437 Mich 441, 450, n 4; 473 NW2d 249 (1991) (noting that subjects falling within the scope of wages, hours, and other terms and conditions of employment are known as mandatory subjects of bargaining). The statute recognizes that "[a] public school employer has the responsibility, authority, and right to manage and direct on behalf of the public the operations and activities of the public schools under its control." MCL 423.215(2). Accordingly, there are cer-

tain subjects that are prohibited from bargaining, and are provided in section 15(3)(f), which is the statute at issue. MCL 423.215(3)(f) and (4), provide:

> (3) Collective bargaining between a public school employer and a bargaining representative of its employees shall not include any of the following subjects:

> \* \* \*

> (f) The decision of whether or not to contract with a third party for 1 or more noninstructional support services; or the procedures for obtaining the contract for noninstructional support services other than bidding described in this subdivision; or the identity of the third party; or the impact of the contract for noninstructional support services on individual employees or the bargaining unit. However, this subdivision applies only if the bargaining unit that is providing the noninstructional support services is given an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders.[1]

> (4) Except as otherwise provided in subsection (3)(f), the matters described in subsection (3) are prohibited subjects of bargaining between a public school employer and a bargaining representative of its employees, and, for the purposes of this act, are within the sole authority of the public school employer to decide.

In *Mich AFSCME Council 25 v Woodhaven-Brownstone Sch Dist*, 293 Mich App 143, 156; 809 NW2d 444 (2011), this Court interpreted MCL 423.215(3)(f):

---

[1] Prior to its amendment in 2009, section 15(3)(f) provided:

> (f) The decision of whether or not to contract with a third party for 1 or more noninstructional support services; or the procedures for obtaining the contract; or the identity of the third party; or the impact of the contract on individual employees or the bargaining unit.

Our consideration of the placement of the exception for bidding described in MCL 423.215(3)(f) and the requirement that there be an "opportunity to bid on the contract . . . on an equal basis as other bidders" reveals no ambiguity. The word "bid," in a contractual setting, denotes an offer. It is defined in *Random House Webster's College Dictionary* (1997) as "to offer (a certain sum) as the price one will charge or pay: *They bid $25,000 and got the contract.*" The phrase "equal basis as other bidders," examined in context, also is not ambiguous. It does not support plaintiffs' position that they were entitled to input into the terms of any request for proposal before the bidding process, or to have terms drafted in a manner that would permit the bargaining unit an opportunity to submit a bid on terms that differed from those of other potential bidders. This approach would put plaintiffs in a superior position to other bidders.

While opinions of the Attorney General are not binding on the courts, *Danse Corp v City of Madison Hts*, 466 Mich 175, 182 n 6; 644 NW2d 721 (2002), we find the Attorney General's interpretation of MCL 423.215(3)(f) in OAG, 2010, No 7249 (June 15, 2010), persuasive with respect to the legislative intent. In particular, we conclude that once the opportunity is afforded to a bargaining unit to bid for a contract on an equal basis with other bidders, the prohibition against collective bargaining concerning all listed subjects in MCL 423.215(3)(f) applies.[2]

---

[2] The charging parties argue that this Court's interpretation of section 15(3)(f) in *Woodhaven* is dictum. This Court has defined dictum as " '[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive).' " *People v Higuera*, 244 Mich App 429, 437; 625 NW2d 444 (2001), quoting Black's Law Dictionary (7th ed). This Court's interpretation of section 15(3)(f) was not dictum. In *Woodhaven*, this Court was asked to review the circuit court's grant of a preliminary injunction, which enjoined the defendant "from privatizing custodial, facility maintenance, and transportation work performed by members of the bargaining unit pending resolutions of [the] plaintiffs' unfair labor practice charge before the [MERC]." *Woodhaven*, 293 Mich App at 145. This Court noted that "it is apparent

As this Court correctly determined, the plain language of section 15(3)(f) provides that "once the opportunity is afforded to a bargaining unit to bid for a contract on an equal basis with other bidders, the prohibition against collective bargaining concerning all listed subjects in MCL 423.215(3)(f) applies." *Woodhaven*, 293 Mich App at 156. The last sentence of section 15(3)(f) clearly states that the subdivision only applies "if the bargaining unit that is providing the noninstructional support services is given an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders." Therefore, if the bargaining unit is provided an equal opportunity to bid, then the prohibitions on bargaining listed in section 15(3)(f) remain. However, if the bargaining unit is not provided with an equal opportunity to bid, then the four subjects listed in section 15(3)(f) are not prohibited from bargaining. This exception was recognized by section 15(4), which states, "Except as otherwise provided in subsection (3)(f), the matters described in subsection (3) are prohibited subjects of bargaining . . . ." Therefore, it is clear that the Legislature intended for the four subjects of bargaining to remain prohibited, unless the bargaining unit was not afforded an equal opportunity to bid.

The charging parties argue that the procedures for *how* to bid on an equal basis are never prohibited. However, this assertion is incorrect. The statute states that the procedures for obtaining the contract, other

from the record that the issue central to the likelihood of [the] plaintiffs succeeding on the merits of their unfair labor practice charge is whether they were given 'an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders.' " *Id.* at 155, quoting MCL 423.215(3)(f). Thus, the interpretation of section 15(3)(f) was necessary to the decision of the case and has precedential value.

than bidding described in this subdivision, are prohibited subjects of bargaining. The only bidding described in MCL 423.215(3)(f) is "an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders." As previously discussed, whether the bargaining unit is afforded an equal opportunity to bid is what determines whether the prohibitions on bargaining listed in section 15(3)(f) apply. Accordingly, pursuant to the plain language of the statute, bargaining would be allowed only on the subject of whether the public school employer will allow the bargaining unit to bid on the contract on an equal basis.

If the bargaining unit is not afforded an opportunity to bid on an equal basis, causing the procedures for obtaining the contract to become a subject of bargaining, respondents argue that it is a permissive subject and not a mandatory subject of bargaining. However, this interpretation is inconsistent with the plain language of the statute. The statute clearly states that "[a] public employer *shall* bargain collectively with the representatives of its employees . . . with respect to wages, hours, and other terms and conditions of employment . . . ." MCL 423.215(1) (emphasis added). The word "shall" generally denotes a "mandatory directive." See *Smitter v Thornapple Twp*, 494 Mich 121, 154; 833 NW2d 875 (2013) (MCCORMACK, J dissenting) (noting that she agreed with the majority's interpretation of the word "shall"). And as discussed earlier, our Supreme Court has indicated that anything falling within the phrase "wages, hours, and other terms and conditions of employment" is a mandatory subject of bargaining. *Amalgamated Transit Union*, 437 Mich at 450, n 4. The statute further provides that collective bargaining "shall not include" procedures for obtaining the contract, which presumably would incorporate bidding procedures. However, this is only true if the

bargaining unit was provided with an opportunity to bid on an equal basis. If the bargaining unit was not provided with an opportunity to bid on an equal basis, then the public school employer's mandatory duty to bargain, as provided in section 15(1), over the bidding procedures is triggered. Contrary to respondents' argument, nothing in the statute states that the public school employer *may* bargain over the procedures for obtaining the contract if it did not provide the bargaining unit with an opportunity to bid on an equal basis.

In sum, the plain language of the statute prohibits collective bargaining over four subjects: (1) the decision to contract for noninstructional support services, (2) the procedures for obtaining that contract, (3) the identity of the third party, and (4) the impact of the contract for noninstructional support services on individual employees or the bargaining unit. However, collective bargaining is allowed regarding whether the bargaining unit will be afforded an opportunity to bid on an equal basis. If the bargaining unit is not afforded an opportunity to bid on an equal basis, then the four subjects are no longer prohibited from collective bargaining. If the bargaining unit is afforded an opportunity to bid on an equal basis, then the four subjects remain prohibited from collective bargaining.

### III. BURDEN OF PROOF

Next, the charging parties argue that the MERC erroneously shifted the burden of proof to the charging parties to prove that they were not provided with an opportunity to bid on an equal basis as the other bidders. We disagree. "The applicable burden of proof presents a question of law that is reviewed de novo on appeal." *FACE Trading, Inc v Dep't of Consumer & Indus Servs*, 270 Mich App 653, 661; 717 NW2d 377 (2006).

"The charging party, and not MERC, has the burden of establishing the unfair labor practice." *Mich Employment Relations Comm v Reeths-Puffer Sch Dist*, 391 Mich 253, 267 n 20; 215 NW2d 672 (1974), superseded by statute on other grounds as stated in *Employment Relations Comm v Cafana Cleaners, Inc*, 73 Mich App 752, 756; 252 NW2d 536 (1977). "As a general rule, the burden of proof rests upon one who has the affirmative of an issue necessary to his cause of action or defense." *Rasch v City of East Jordan*, 141 Mich App 336, 340; 367 NW2d 856 (1985). In this case, the charging parties' charges were based on the fact that they were denied an opportunity to bid on an equal basis. The hearing officer issued an order to show cause why the charges should not be dismissed for failure to establish that the charging parties were not provided with an opportunity to bid on an equal basis, when there were no factual allegations indicating that the charging parties even bid on the respective contracts. Because the charging parties bear the burden of establishing an unfair labor practice, it is not enough for the charging parties to merely allege that they were not afforded an opportunity to bid on an equal basis—they must provide factual allegations necessary to establish their claim. Therefore, the MERC did not err by requiring the charging parties to establish that they were denied an equal bidding opportunity.

### IV. THE MERC'S FACTUAL FINDINGS

Next, the charging parties argue that the MERC's factual findings were contrary to the plain language of the statute and were not supported by competent, material, and substantial evidence. We disagree. The "MERC's factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Macomb Co*, 494 Mich at 77 (quotation

marks and citation omitted). "This evidentiary standard is equal to the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion. While it consists of more than a scintilla of evidence, it may be substantially less than a preponderance." *City of Lansing v Carl Schlegel, Inc*, 257 Mich App 627, 630; 669 NW2d 315 (2003) (quotation marks and citations omitted). Further, "[r]eview of factual findings of the commission must be undertaken with sensitivity, and due deference must be accorded to administrative expertise. Reviewing courts should not invade the exclusive fact-finding province of administrative agencies by displacing an agency's choice between two reasonably differing views of the evidence." *Amalgamated Transit Union*, 437 Mich at 450.

First, the charging parties argue that the MERC's finding that the bargaining units have to transform themselves into third-party contractors to bid on the contract eliminates the public school employers' statutory duty[3] to provide the bargaining units with an opportunity to bid on an equal basis. AFSCME also argues that the MERC erred when it determined that the bargaining unit must be the "same as" the other bidders to be on an "equal basis" by transforming itself into a corporation or other third-party entity. AFSCME argues that "equal" means "evenly proportioned or

[3] It should be noted that the statute does not mandate the public school employer to provide the bargaining unit with an opportunity to bid on an equal basis. It is essentially the public school employer's choice whether to provide the bargaining unit with an opportunity to bid on an equal basis. If the public school employer chooses not to, then it is forced to bargain with the bargaining unit over the decision, procedures, and impact of the contract, as well as the identity of the third party. Therefore, although the public school employer is not required to provide the bargaining unit with an opportunity to bargain on an equal basis, it may be in its best interests to do so.

balanced" and requires an "equal contest."[4] Because the RFP only applied to third-party contractors, the charging parties argue that they were not provided with an opportunity to bid on an equal basis.

However, the MERC did not state that the charging parties had to transform themselves into third-party contractors. It merely stated that they must "act in the manner of" third-party contractors to bid on the contract. The statute provides that if the public school employer wishes for the bargaining subjects listed in MCL 423.215(3)(f) to remain prohibited, it must provide the bargaining unit with "an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders." As the MERC correctly stated, the statute does not require the public school employer to provide an RFP "that is designed for response by a bargaining unit or a labor organization." The plain language of MCL 423.215(3)(f) only requires the public school employer to provide the bargaining unit with "an opportunity to bid on an equal basis as other bidders." As this Court has stated, the charging parties are not "entitled to input into the terms of any request for proposal before the bidding process, or to have terms drafted in a manner that would permit the bargaining unit an opportunity to submit a bid on terms that differed from those of other potential bidders," as

---

[4] This argument has no merit because "same as" and "evenly proportioned or balanced" are both used to define "equal." *Random House Webster's College Dictionary* (2001) defines "equal" as:

1. as great as; the same as (often fol. by *to* or *with*). 2. like or alike in quantity, degree, value, etc. 3. of the same rank, ability, merit, etc.: *two students of equal brilliance*. 4. evenly proportioned or balanced: *an equal contest*. 5. uniform in operation or effect: *equal laws*. 6. adequate or sufficient in quantity or degree. 7. having adequate ability or means; suited: *I felt equal to the task*. 8. level, as a plain. 9. tranquil or undisturbed. 10. impartial or equitable.

this would put the charging parties "in a superior position to other bidders." *Woodhaven*, 293 Mich App at 156. The MERC notes that the RFPs are designed for third-party contractors wishing to submit bids. Thus, it is inherent that the bargaining unit will often have to "act in the manner of" a third-party contractor when bidding pursuant to an RFP seeking bids for noninstructional support services.

Finally, both charging parties argue that the MERC erred by finding that they could not complain that they were not provided with an opportunity to bid on an equal basis because they did not submit proper bids. Given the due deference this Court should afford to administrative-agency decisions, there was competent, material, and substantial evidence to support the MERC's finding.

With regard to AFSCME, it did not submit a bid because it argued that the RFP did not apply to it, and therefore, it could not submit a bid pursuant to it. However, included in the RFP was a provision that provided for exceptions to the RFP's requirements that the bidder was unable to meet. Therefore, as the MERC noted, AFSCME could have submitted a bid and requested an exemption for the requirements it felt that it could not fulfill. If Mt. Pleasant had denied AFSCME's bid or disqualified it from bidding because it could not fulfill certain requirements under the RFP, then AFSCME would have a claim under section 15(3)(f) because it would not have been provided with an opportunity to bid on an equal basis as the other bidders. However, in the absence of a bid, there is no way to determine whether the bargaining unit was denied an opportunity to bid on an equal basis. Thus, the MERC did not err when it determined that AFSCME could not complain that it was not provided with an equal bidding opportunity.

With regard to LESPA, the MERC determined that it only submitted a "proposal" for a collective bargaining agreement that, in effect, asked to bargain over the decision to subcontract noninstructional support services. As discussed, the MERC's findings only need to be supported by "less than a preponderance" of the evidence. Here, LESPA's "bid" was labeled a "proposal" for transportation services that sought to maintain the existing collective bargaining agreement between the parties. The proposal sought to reach a compromise to preserve bargaining unit positions within the school district. This was sufficient to support the MERC's determination that LESPA's "bid" was a proposal for a collective bargaining agreement that sought to bargain over Mt. Pleasant's decision to subcontract. Because this is a prohibited subject of bargaining under section 15(3)(f), the MERC did not err when it determined that LESPA did not submit a proper bid.

### V. MOTION TO REOPEN THE RECORD

Finally, AFSCME argues that the MERC erroneously denied its motion to reopen the record. We disagree. The MERC's decision whether to reopen the record is discretionary, and is therefore, reviewed for an abuse of discretion. *St Clair Co Ed Ass'n v St Clair Co Intermediate Sch Dist*, 245 Mich App 498, 519-520; 630 NW2d 909 (2001).

AFSCME filed a motion to reopen the record to introduce the school district's vendor-relations policy that precluded the school district from entering into a contract with a vendor of goods or services in which any employee of the school district has a direct or indirect pecuniary or beneficial interest.

"To merit reopening the record, the union had to demonstrate that it could not with reasonable dili-

gence have discovered and produced the evidence at the original hearing and that the evidence sought to be introduced, and not merely its materiality, is newly discovered." *Id.* at 519 (quotation marks and citation omitted). In this case, AFSCME gave this issue cursory treatment and failed to cite any applicable law, let alone demonstrate that it could not have discovered the evidence with reasonable diligence and produced it at the original hearing. Therefore, the MERC did not abuse its discretion by denying AFSCME's motion.

### VI. SUMMARY AND CONCLUSION

The plain language of MCL 423.215(3)(f) prohibits collective bargaining over four subjects: (1) the decision to contract for noninstructional support services, (2) the procedures for obtaining that contract, (3) the identity of the third party, and (4) the impact of the contract for noninstructional support services on individual employees or the bargaining unit. However, collective bargaining is allowed regarding whether the bargaining unit will be afforded an opportunity to bid on an equal basis. If the bargaining unit is not afforded an opportunity to bid on an equal basis, then the four subjects are no longer prohibited from collective bargaining. If the bargaining unit is afforded an opportunity to bid on an equal basis, then the four subjects remain prohibited from collective bargaining.

In addition, when the basis of the charging party's unfair labor practice charge is that it was denied an equal opportunity to bid, the burden of proof is on the charging party to prove that it was not afforded an opportunity to bid on an equal basis as the other bidders.

We hold that the MERC did not err when it dismissed LESPA and AFSCME's unfair labor practice charges and when it denied AFSCME's motion to reopen the record.

Affirmed.

SERVITTO, P.J., and WHITBECK and OWENS, JJ., concurred.