*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN EDUCATION ASSOCIATION and
ANN ARBOR EDUCATION ASSOCIATION
MEA/NEA,

UNPUBLISHED
March 19, 2019

Respondents-Appellants,

v

No. 343570
MERC
LC No. 16-005071

RONALD SHANE ROBINSON,

Charging Party-Appellee.

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Respondents Ann Arbor Education Association (AAEA) and Michigan Education Association (MEA) appeal by petition, pursuant to MCL 423.216(e), the Michigan Employment Relations Commission (MERC) final decision and order entered affirming the findings of the Administrative Law Judge (ALJ) and entering a cease and desist order against respondents. We affirm.

This appeal arises from a labor dispute between charging party, Ronald Shane Robinson, and respondents. Charging party was employed as a teacher in the Ann Arbor School District. Charging party was in a bargaining unit represented by respondent and subject to a collective bargaining agreement (CBA), titled 2009-2011 Master Agreement, executed by the AAEA and the Ann Arbor School District on August 28, 2009. The expiration date of the CBA was August 30, 2011. The CBA included an agency shop provision that required bargaining unit members to pay union membership dues or to pay nonmember agency service fees. The CBA provided, in pertinent part, that "[t]eachers shall either submit a membership form or shall be considered agency shop fee payers to [the Ann Arbor Education] Association." The CBA also provided that the employer, Ann Arbor School District, may deduct the membership or service fees from an employee's wages, although the CBA did not provide a procedure for respondents to collect the fees if the employer did not deduct the fees or the employee did not submit the payment.

-1-

In December 2012, Michigan's Legislature enacted 2012 PA 349, effective March 28, 2013, which amended the public employment relations act (PERA), MCL 423.201 *et seq.* 2012 PA 349 established a public employee's right to refrain from organizing, forming, joining, or assisting labor organizations; engaging in lawful activities for the purpose of collective negotiation or bargaining; and negotiating or bargaining with their public employers through representatives of their own choice. The amendments to MCL 423.209 also established a public employee's right to refrain from financially supporting a labor organization.

On March 18, 2013, the AAEA and the Ann Arbor School District executed a memorandum of agreement that addressed portions of the CBA. The memorandum of agreement provided, in pertinent part, that "[i]f the Parties ratify this Agreement on or before March 27, 2013, this Section 3.100 'Membership Fees and Payroll Deductions,' and subsections through 3.140, shall be effective immediately upon the ratification of the Agreement by both Parties and shall continue in effect through June 30, 2016."[1]

On August 1, 2015, charging party resigned his membership in respondents and their affiliates. On August 31, 2015, the MEA sent charging party a letter accepting his resignation of membership, effective September 1, 2015. The MEA also sought past membership dues for the 2014-2015 school year. Charging party claimed that he paid all union membership dues in October 2015.

On December 18, 2015, the MEA sent charging party a letter and enclosed materials regarding his obligation to pay a service fee as a nonmember of the union. The MEA sent these materials, known as a *Hudson* notice, pursuant to *Chicago Teachers Union, Local No 1 v Hudson*, 475 US 292, 310; 106 S Ct 1066; 89 L Ed 2d 232 (1986), before attempting to collect nonmember service fees from charging party. Charging party claimed that he subsequently informed the MEA that he was not and would not become a member of the union. On February 15, 2016, charging party received a billing statement from the MEA.

On February 26, 2016, charging party filed *in propria persona* an unfair labor practice charge against the MEA alleging that the MEA improperly billed him for nonmember service fees after he resigned his union membership and that the MEA's billing statement constituted harassment. Charging party filed an amended charge, alleging an unfair labor practice charge against respondents under PERA, and joined the AAEA.

After a hearing, the ALJ determined that respondents violated MCL 423.210(2)(a). Respondents filed exceptions to the ALJ's recommendation with MERC. After reviewing the relevant facts and law, MERC agreed with the ALJ that respondents did not violate MCL

---

[1] Thereafter, on June 20, 2014, the AAEA and the Ann Arbor School District executed another memorandum of agreement. This agreement did not address or otherwise amend the agency shop provision of the 2013 memorandum of agreement. On August 11, 2015, the AAEA and the Ann Arbor School District executed a memorandum of agreement that provided that the 2013 agency shop provision continued until June 30, 2016. This agreement did not otherwise amend the agency shop provision of the 2013 memorandum of agreement.

423.210(3) because the 2013 memorandum of agreement did not require charging party to pay union membership dues or nonmember service fees as a condition of continued employment. MERC held that, although the 2013 memorandum of agreement did not violate MCL 423.210(3), the exception under MCL 423.210(5) did not apply and did not render the agreement lawful. Finally, MERC agreed with the ALJ that this Court's decision in *Taylor Sch Dist v Rhatigan*, 318 Mich App 617; 900 NW2d 699 (2016), applied to this case and was not factually distinguishable. MERC agreed with the ALJ that respondents committed an unfair labor practice by violating MCL 423.210(2)(a) and affirmed the ALJ's decision and recommended order.

On appeal, respondents argue that MERC erroneously applied this Court's decision in *Taylor* and that *Taylor* was improperly decided. We disagree.

This Court reviews de novo MERC's legal rulings. *Calhoun Intermediate Sch Dist v Calhoun Intermediate Ed Ass'n*, 314 Mich App 41, 46; 885 NW2d 310 (2016). This Court reviews MERC decisions pursuant to Const 1963, art 6, § 28, and MCL 423.216(e). *Id*. "MERC's legal determinations may not be disturbed unless they violate a constitutional or statutory provision or they are based on a substantial and material error of law." *Id*. (quotation marks and citation omitted). This Court gives respectful consideration to MERC's interpretation of a statute, but MERC's interpretation is not binding on this Court. MERC's interpretation of a statute "cannot conflict with the Legislature's intent as expressed in the language of the statute at issue." *Van Buren Co Ed Ass'n v Decatur Pub Sch*, 309 Mich App 630, 639; 872 NW2d 710 (2015) (quotation marks and citation omitted).

Panels of this Court must follow the rule of law established by a prior published decision of this Court issued on or after November 1, 1990. Only the Michigan Supreme Court or this Court by special panel may reverse a published opinion of this Court. MCR 7.215(J)(1).

As a threshold matter, this Court must follow its decision in *Taylor* because it has precedential effect as a published opinion of this Court. The Michigan Supreme Court denied leave for this case, and a special panel of this Court has not been convened. Therefore, this panel does not have the authority to reverse *Taylor* and must follow the *Taylor* holding. See MCR 7.215(J)(1).

Additionally, the *Taylor* decision is directly applicable to this case. In this case, charging party alleged that respondents requested nonmember service fees after he resigned from the union and asserted his right to refrain from belonging to and financially supporting a labor organization. On March 18, 2013, the AAEA executed the 2013 memorandum of agreement, which mandated union membership and payment of membership dues or payment of a service fee. As in *Taylor*, respondents in this case executed the agreement after the enactment of 2012 PA 349 but before its effective date of March 28, 2013. Charging party filed his unfair labor practice charge in February 2016. PERA protected charging party's right to refrain from financially supporting a labor organization when charging party filed his charge, as in *Taylor*. Finally, in this case, charging party similarly asserted that the enforcement of the 2013 memorandum of agreement was in violation of his rights guaranteed by MCL 423.209.

This case is not factually distinguishable from *Taylor*. In both cases, MERC determined that unfair labor practices in violation of MCL 423.210 occurred. The agreement in this case

extended for three years, whereas the agreement in *Taylor* expired after 10 years. The agreement in the instant case established a 3% wage reduction, whereas the charging parties in *Taylor* faced a 10% wage reduction and suspension of pay increases. Finally, in this case, MERC did not determine whether respondents breached their duty of fair representation, whereas the *Taylor* Court held that MERC did not err by concluding that the respondent union violated its duty of fair representation and committed an unfair labor practice. These factual differences were not relevant to the determination whether respondents' enforcement of the 2013 memorandum of agreement after the effective date of 2012 PA 349 constituted an unfair labor practice. We conclude that the *Taylor* decision is factually and legally relevant to this case. Therefore, MERC's legal conclusion that this Court's decision in *Taylor* applied to this case was not a substantial and material error of law. See *W A Foote Mem Hosp v Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004) ("The rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties.").

Respondents next argue that MERC erred by concluding that the 2013 memorandum of agreement did not require charging party to financially support the labor organizations as a condition of his continued employment. Respondents also argue that the agency shop provision was valid and enforceable because it was executed before the effective date of 2012 PA 349 and was not subsequently extended or renewed. We disagree.

"MERC's factual findings are conclusive if they are supported by competent, material, and substantial evidence on the record considered as a whole." *Calhoun*, 314 Mich App at 46 (quotation marks and citation omitted). This Court will reverse a MERC determination only upon a clear showing of error. *AFSCME*, 311 Mich App at 453. "This evidentiary standard is equal to the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion. While it consists of more than a scintilla of evidence, it may be substantially less than a preponderance." *Mount Pleasant Pub Sch v Mich AFSCME Council 25*, 302 Mich App 600, 615; 840 NW2d 750 (2013) (quotations marks and citation omitted). "Further, review of factual findings of the commission must be undertaken with sensitivity, and due deference must be accorded to administrative expertise. Reviewing courts should not invade the exclusive fact-finding province of administrative agencies by displacing an agency's choice between two reasonably differing views of the evidence." *Id*. (quotation marks and citation omitted).

MCL 423.210(3) provides, in relevant part:

> Except as provided in subsection (4), an individual shall not be required as a condition of obtaining or continuing public employment to do any of the following:

> (a) Refrain or resign from membership in, voluntary affiliation with, or voluntary financial support of a labor organization or bargaining representative.

> (b) Become or remain a member of a labor organization or bargaining representative.

(c) Pay any dues, fees, assessments, or other charges or expenses of any kind or amount, or provide anything of value to a labor organization or bargaining representative.

MCL 423.210(5) provides:

An agreement, contract, understanding, or practice between or involving a public employer, labor organization, or bargaining representative that violates subsection (3) is unlawful and unenforceable. This subsection applies only to an agreement, contract, understanding, or practice that takes effect or is extended or renewed after March 28, 2013.

In this case, the agency shop provision provided that a teacher shall either become a member of the labor organizations or shall be considered an agency shop fee payer, meaning that a teacher must either pay union membership dues or pay a nonmember service fee. The 2013 memorandum of agreement also provided a procedure for a teacher's employer to deduct the membership dues or nonmember service fees from the teacher's wages, but it did not provide a mechanism for respondents to collect or enforce the payment of these fees. Additionally, neither the 2013 memorandum of agreement nor respondents' request for nonmember service fees threatened charging party with termination or discharge from employment if he did not comply with the request. We conclude that MERC's finding that the agency shop provision did not require charging party to pay union membership dues or nonmember service fees as a condition of continued employment was supported by competent, material, and substantial evidence on the record. We also conclude that MERC's legal conclusion that respondents did not violate MCL 423.210(3) was not a substantial and material error of law.

Further, MCL 423.210(5) does not render the agency shop provision in the 2013 memorandum of agreement lawful. The plain language of MCL 423.210(5) specifically provides that an agreement that takes effect or is extended or renewed after March 28, 2013, is unlawful and unenforceable if the agreement violates MCL 423.210(3). The *Taylor* Court held that MCL 423.210(5) applies only to agreements that violate MCL 423.210(3). See *Taylor*, 318 Mich App at 631. As MERC correctly determined, respondents did not violate MCL 423.210(3). Therefore, MCL 423.210(5) does not apply, regardless of when the 2013 memorandum of agreement took effect or whether the agreement was extended or renewed. We conclude that MERC did not commit a substantial and material error of law by concluding that MCL 423.210(5) did not apply and that it did not render the 2013 memorandum of agreement lawful.

Finally, respondents raise the issue whether MERC erred by concluding that respondents violated MCL 423.210(2)(a) in their statement of questions presented. We conclude that this issue is deemed abandoned on appeal because respondent failed to brief the issue and failed to present any authority to support its position. "An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 499; 668 NW2d 402 (2003). Additionally, "[i]nsufficiently

-5-

briefed issues are deemed abandoned on appeal." *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004).[2]

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

---

[2] Charging party argues that the recent United States Supreme Court decision in *Janus v AFSCME Council 31*, ___ US ___; 138 S Ct 2448; 201 L Ed 2d 924 (2018), provides additional support for affirming the MERC decision. Charging party argues that the holding in *Janus* rendered unconstitutional the nonmember service fees that respondents attempted to collect from charging party. We need not take this opportunity to interpret the application of the *Janus* decision because we affirm the MERC decision on other grounds.