*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MACOMB ATHLETIC CLUB, INC.,

      Plaintiff-Appellee,

v

MOUNT GROUP, LLC,

      Defendant-Appellant.

UNPUBLISHED
April 14, 2025
9:35 AM

No. 371369
Macomb Circuit Court
LC No. 2023-003854-CB

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sought a declaratory judgment regarding its lease with defendant. The trial court granted plaintiff's motion for summary disposition and denied defendant's motion. We affirm.

In June 2014, defendant agreed to lease plaintiff a space of approximately 30,275 square feet. The lease would terminate in August 2024, giving plaintiff the right to one five-year-option to extend the lease. At the time, plaintiff possessed only about 20,000 square feet, and the lease provided that plaintiff was "currently paying $3,500.00 per month" for that reduced space, which would continue until a planned expansion of another 10,275 square feet was completed. When the expansion was completed, the rent would increase throughout the lease term and for the five-year option term. The parties subsequently executed a First Amendment to the lease, amending the increased rates, including setting a price of $12,500 per month for the option years. The First Amendment also provided, "All other terms and conditions of the existing Lease shall remain in full force and effect."

The parties learned that the utility meter on plaintiff's premises was connected to an adjacent Subway restaurant, and the parties agreed to a Second Amendment of the lease in January 2017. This Second Amendment indicated that the lease was amended to show that plaintiff was:

currently paying $3,000.00 per month and that rental amount shall continue until the earlier of the following:

      a.     Landlord completes installation of separate utility meters for the adjacent Subway restaurant; all utilities, including but not limited to water, heat,

gas, and electric, used by the Subway restaurant are removed from the Tenant's utility bills; and payment of the Subway utilities are no longer the responsibility of the Tenant; or

        b.      The expansion is completed, as described in the Agreement and as detailed below.

        2.      Upon separation of the Subway utilities pursuant to paragraph 1a above, rent shall be reinstated to $3,500 per month, as described in the Agreement.

The Second Amendment further stated, "To the extent there is any inconsistency or discrepancy in the language of this Second Amendment with the language in the Agreement and/or First Amendment to Lease, the language of this Second Amendment shall control."

The expansion was not completed, and defendant did not install the separate utility meter. The parties disputed whether the $3,000 monthly rental amount applied to the option term, and plaintiff sought a declaratory judgment that the monthly lease was $3,000 per month until the expansion was complete, or $3,500 per month once the utilities were separated. Plaintiff sought summary disposition under MCR 2.116(C)(10). In response, defendant requested summary disposition under MCR 2.116(I)(2), arguing that the Second Amendment did not alter the rate for the option term in the First Amendment. Further, the Second Amendment was ambiguous, allowing the trial court to consider an affidavit from defendant's property manager, who stated that the parties signed the First and Second Amendments with the understanding that the rental rate from the First Amendment would apply during the option term, regardless of the status of the expansion or utilities.

After a hearing, the trial court granted plaintiff's motion, and denied defendant's motion, explaining that "the plain language of the Second Amendment" continued the $3,000 rental payments until the expansion was completed or the utility meters were installed and did not limit that rate to the original term of the lease. Defendant moved for reconsideration, which the trial court denied.

Defendant now appeals.

Defendant argues that the trial court erred by finding that there was no genuine issue of material fact about whether the Second Amendment's rental rate applied to the option term. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." MCR 2.116(I)(2).

We also review de novo questions of law, including the proper interpretation of a contract. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). Our primary goal when interpreting a contract is to give effect to the parties' intentions at the time that they entered

into the contract. *Id*. "To do so, we examine the language of the contract according to its plain and ordinary meaning." *Id*. (cleaned up). If the contract is unambiguous, we enforce the contract as written. *Id*. If the language of the contract is ambiguous, courts may consider extrinsic evidence. *Grosse Pointe Park v Mich Muni Liability & Prop Pool*, 473 Mich 188, 198; 702 NW2d 106 (2005). We will not, however, "create ambiguity where the terms of the contract are clear." *Id*. (cleaned up).

The Second Amendment unambiguously indicated that the $3,000 rate "shall continue" until either the expansion was completed or defendant separated the utilities. "Shall" conveys mandatory language. *Mount Pleasant Pub Sch v Mich AFSCME Council 25*, 302 Mich App 600, 612; 830 NW2d 750 (2013). Moreover, with regard to the increased-rent schedule, the lease made clear that the schedule would only become applicable if the expansion was completed or the utility issue was addressed (added in the Second Amendment). This aspect of the lease—i.e., that the schedule would not apply unless triggered by the satisfaction of a condition—remained unaltered by the parties' amendments. Because it was not disputed that neither condition had been satisfied, the trial court properly ruled that the Second Amendment's monthly rate applied, including to the option term.

Although defendant argues that the Second Amendment did not mention the option term, neither did the First Amendment amend the entire lease. Likewise, it was not necessary for this Second Amendment to address every aspect of the First Amendment or original lease to be clear. Even if there was an inconsistency in the amendments, the parties agreed in the Second Amendment that the terms of the Second Amendment would control. Further, the contract terms were unambiguous, and, accordingly, it would not have been permissible for the trial court to consider extrinsic evidence to determine the parties' intent. See *Grosse Pointe Park*, 473 Mich at 198.

Finally, defendant argues that the trial court erred by denying defendant's motion for reconsideration. We review for an abuse of discretion a trial court's decision regarding a motion for reconsideration. *K & W Wholesale, LLC v Dep't of Treasury*, 318 Mich App 605, 611; 899 NW2d 432 (2017). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Kostadinovski v Harrington*, 511 Mich 141, 149; 999 NW2d 318 (2023). To obtain relief under a motion for reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result form correction of the error." MCR 2.119(F)(3). Defendant did not demonstrate that the trial court made a palpable error or that a different disposition must result. Accordingly, the trial court did not err by denying defendant's motion.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle