# STATE OF MICHIGAN

# COURT OF APPEALS

AMY N. SCOTT,

UNPUBLISHED
November 1, 2016

Petitioner-Appellant,

v

No. 327564
State Tenure Commission
LC No. 14-000020

NILES COMMUNITY SCHOOLS BOARD OF
EDUCATION,

Respondent-Appellee.

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

RIORDAN, J. (*dissenting*).

The State Tenure Commission (STC) properly granted respondent's motion for summary disposition as petitioner failed to state a claim for which relief could be granted. Because the STC's final decision is not contrary to law; is neither arbitrary, capricious, nor a clear abuse of discretion; and is supported by competent, material, and substantial evidence on the whole record, I would affirm. *Lewis v Bridgman Public Schools (On Remand)*, 279 Mich App 488; 760 NW2d 242 (2008), rev on other grounds 480 Mich 1000 (2007).

A tenured teacher may contest a school board's charges by filing a timely claim of appeal with the STC, MCL 38.104(1), which petitioner did on May 28, 2014. The applicable statute and administrative rule also sets out what the claim of appeal in a teacher tenure action shall contain. See MCL 38.104(1); Mich Admin Code, R 38.143. In the relief section of a claim, the teacher is to "[s]et forth clearly and concisely those demands for relief to which appellant claims entitlement." Mich Admin Code, R 38.143(2). The rule allows that "[r]elief in the alternative may be demanded." *Id*. In the relief section of her claim of appeal, petitioner wrote:

> *Since it may be difficult if not impossible to return to her former workplace due to the defamatory statements made by NCS and its arbitrary and capricious actions in moving for her dismissal*, Scott demands that she be given two additional years [sic] salary, a positive letter of recommendation from NCS admitting fault in its investigation, compensation for her attorneys [sic] fees, costs, applicable interest, and any other just and proper relief. [Emphasis added.]

Here, the essential issue is whether the STC erred in finding that petitioner had waived her right to reinstatement because she did not ask for it or, in the word she uses in her request for alternative relief, because she did not "demand" it as Rule 38.143(2) requires. The parties do not

-1-

dispute that the STC does not have the authority to grant petitioner's request for "two additional years [sic] salary, a positive letter of recommendation from NCS admitting fault in its investigation, compensation for her attorneys [sic] fees, costs, [and] applicable interest."

Under Mich Admin Code, R 38.155(1)(a), a party involved in a claim of appeal in a teacher tenure act matter may move for summary disposition on the ground that the petitioner failed to state a claim on which relief can be granted. The STC only may consider the pleadings when considering such a motion. Mich Admin Code, R 38.155(2). In its motion for summary disposition before the STC, respondent argued that petitioner had not requested relief that is within the STC's jurisdiction to grant. Petitioner did not file a response.

The STC found that although the teacher tenure act granted it the authority to reinstate petitioner, she did not request reinstatement in her claim of appeal. The STC ruled that "the only reasonable interpretation of her request for relief is that she was not requesting reinstatement." The STC explained,

> The administrative rules of this Commission have the force and effect of law. *Turner v Grand Blanc Community Schools Board of Education* (13-10). Rule 13 of the Teacher Tenure General Rules, Mich Admin Code, R 38.143, requires that a claim of appeal substantially comply with the form set forth in the rules, including a statement of relief that sets forth clearly and concisely the demands for relief to which the appellant claims entitlement. Teacher Tenure General Rule 25(1)(a), Mich Admin Code, R 38.155(1)(a), provides for the entry of summary disposition when an appellant does not state a claim upon which relief can be granted. Only the pleadings may be considered when a motion for summary disposition is based on Rule 25(1)(a). Mich Admin Code, R 38.155(2).[1]

In contrast to the STC's application of its rules, the majority "glean[s]" from petitioner's statement that "[s]ince it may be difficult if not impossible to return to her former workplace due to the defamatory statements made by NCS and its arbitrary and capricious actions in moving for her dismissal," that she did not "explicitly disavow[] reinstatement." Therefore, the majority reasons, despite the fact she included no language affirmatively requesting reinstatement, petitioner really must have meant that she wanted her job back even though she never asked for it as part of her request for relief. This leap in linguistic logic is a significant reach from Rule

---

[1] The STC also rejected petitioner's claim that she argued for reinstatement during her hearing. It noted that the record does not support petitioner's assertion that she did so. The STC noted that in his opening statement, counsel for petitioner said, "[A]t the close of proceedings, we'll propose a remedy within the confines of the Teachers Tenure Act that will be available given the facts of this case." No such proposal was made at any time during the hearing, and the only relief requested in petitioner's post-hearing brief was beyond the jurisdiction of this Commission.

38.143(2)'s requirement that a petitioner's statement of relief "sets forth clearly and concisely the demands for relief to which the appellant claims entitlement."

*Merriam-Webster's Collegiate Dictionary* (11th ed) defines "clear" as "free from mist, haze, or dust . . . free from obscurity or ambiguity." This leads to the dictionary definition of "clearly," which is "in a clear manner." *Id.* "Concise" is "marked by brevity of expression or statement: free from all elaboration and superfluous detail." *Id.* Petitioner's request for relief from which she now claims entitlement to her former job is not in any way set forth in a manner that is "free from obscurity or ambiguity." To the contrary, her claim for relief, up until she uses the word "demand," is, if anything, "hazy" and leaves to the imagination the relief she may be seeking. On one hand, petitioner appears to be stating in her prayer that because she would feel very uncomfortable returning to the Niles Community Schools due to the circumstances surrounding her dismissal, she does not want to return at all. Instead, seemingly because it may not be within her personal comfort zone to return to the school district, she demands, in the alternative, relief in the form of a positive letter of recommendation and various forms of compensation, all of which are not allowed as relief under the teacher tenure act.

Apparently recognizing that petitioner failed to clearly and concisely request reinstatement, the majority disregards the specific pleading requirements of Rule 38.143(2) and offers a new, judicially crafted standard for pleading in STC cases. However, this is not appropriate, as clear statutory language must be enforced as written. *Valez v Tuma,* 492 Mich 1, 16-17; 821 NW2d 432 (2012).[2] Further, in this case, "[j]udicial construction of an unambiguous statute is neither required nor permitted." *McCormick v Carrier,* 487 Mich 180, 191; 795 NW2d 517 (2010); *see also Miller v Allstate Ins Co*, 481 Mich 601, 613; 751 NW2d 463 (2008) ("[S]pecific provisions . . . prevail over any arguable inconsistency with the more general rule . . . . . .") (omissions in original). Under the majority's statutory analysis, rather than "setting forth clearly and concisely" any demand for relief under Rule 38.143(2), any wording, including the "catchall" alternative prayer for relief of "any other just and proper relief," is sufficient to serve as a clear and concise request for reinstatement. After all, the majority reasons, if this case was subject to the Michigan Court Rules, rather than the Michigan Administrative Code, MCR 2.116 would allow for such a conclusion. However, as the STC correctly recognized, this case is subject to the rules promulgated by the Commission, which have the force and effect of law, see *Clonlara, Inc v State Bd of Ed*, 442 Mich 230, 238-239; 501 NW2d 88 (1993); *Wolfe v Wayne-Westland Community Sch*, 267 Mich App 130, 139; 703 NW2d 480 (2005), and the specific provision of the administrative procedures rule at issue does not include an analog to MCR 2.116(A).

In what only can be described as language further lacking in clarity and conciseness, the majority bolsters the new pleading rule it promulgates by analyzing petitioner's claim for relief as a request for reinstatement because "[r]eading it as an unambiguous refusal for reinstatement involves several levels of supposition, which by definition negates any notion of clarity of

---

[2] "The rules of statutory construction apply to both statutes and administrative rules." *United Parcel Serv, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007).

-3-

purpose." In other words, the majority holds that the affirmative pleading requirement of Rule 38.143(2) is to be disregarded and replaced by a judicially created assumption in direct contravention of the words of the applicable Michigan Administrative Rule. To do otherwise, the majority reasons, would "sacrifice substance to form." Again, in other words, to follow the text of the applicable rule would not lead to the outcome the majority wishes to achieve in this case, which is to give the petitioner a second bite at the request-for-reinstatement apple.

By construing the applicable rule in a manner that is not consistent with its text, the majority has rewritten Rule 38.143(2) and has turned an affirmative pleading requirement into one where ambiguity or silence about reinstatement under the teacher tenure act is golden. It is not our role to save the petitioner's cause of action when, if she really wanted her job back with the Niles Community Schools, she simply had to plainly and succinctly ask for it when she filed her claim of appeal with the STC. But, for reasons unknown, she did not.

I would affirm the State Tenure Commission as its decision is not contrary to law; is neither arbitrary, capricious, nor a clear abuse of discretion; and is supported by competent, material, and substantial evidence on the whole record.


/s/ Michael J. Riordan

-4-