# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID LEE HARRISON, MICHAEL
MYRONIUK, JAMES RANDAZZO,
WIESLAWA CZERKES, CORY FLORENCE,
GARY HABUCKE, MARK OLKO, TIMOTHY
TURNER, JESSIE DENHAM, SHARON
RICHARD-SMITH, and ERIC PORTER,

Plaintiffs-Appellants,

v

HAMTRAMCK PUBLIC SCHOOLS, DEBBIE
CAMINITA, and AFSCME COUNCIL 25,

Defendants-Appellees.

UNPUBLISHED
November 21, 2017

No. 333424
Wayne Circuit Court
LC No. 14-010596-CD

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiffs, 11 former custodial staff members of Hamtramck Public Schools (HPS), appeal as of right an order granting summary disposition to defendants in this action involving an alleged breach of contract and violations of the public employment relations act (PERA), MCL 423.201 *et seq*. We affirm.

This case arises from a decision by HPS to privatize its custodial services department in an effort to reduce costs and address an ongoing financial crisis. When the decision to privatize was made, HPS was bound by a collective bargaining agreement (CBA) entered between HPS and defendant American Federation of State, County and Municipal Employees Local 257 (AFSCME) (the union), a labor union responsible for representing plaintiffs, who as custodial employees of HPS were compulsory members of the union. The CBA governed the terms and conditions of plaintiffs' employment, and was effective through June 30, 2015. The HPS school board voted to privatize its custodial services department at a special meeting on January 23, 2014, more than a year before the CBA was set to expire. Plaintiffs were members of the union in good standing when, on February 28, 2014, they were permanently terminated from their employment as HPS custodians.

Plaintiffs brought an action alleging various counts against the union, including breach of contract and violation of MCL 423.215, as well as counts against HPS and Debbie Caminita, an

-1-

HPS employee and former president of the union (school defendants), including breach of contract, violation of MCL 423.215, violation of the Family Medical Leave Act (FMLA), 29 USC 2601 *et seq*., and tortious interference with a business expectation. Although the trial court granted summary disposition in favor of defendants on all of plaintiffs' claims, plaintiffs' challenge on appeal is limited. Plaintiffs argue only that the trial court erred when it determined that under MCL 423.215(3), a school district is permitted to privatize noninstructional departments at any time, regardless of whether a CBA exists, thereby rendering plaintiffs' breach of contract claim meritless. Although we conclude that the trial court misstated the law with respect to a school districts' freedom to privatize under MCL 423.215, we hold that the trial court properly granted defendants' motions for summary disposition of plaintiffs' breach of contract claims under MCR 2.116(C)(10).

This Court reviews de novo a trial court's decision on a summary disposition motion, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), as well as questions of statutory interpretation and construction, *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011). Although defendants brought their motions for summary disposition under both MCR 2.116(C)(8) and (C)(10), the trial court did not specify which subsection it relied on when it granted the motions. It is apparent that the trial court considered evidence beyond the pleadings to decide defendants' motion with respect to plaintiffs' breach of contract claim. Therefore, we treat the trial court's decision as though it were made pursuant to MCR 2.116(C)(10). See *Sharp v City of Lansing*, 238 Mich App 515, 518; 606 NW2d 424 (1999).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A party opposing summary disposition under MCR 2.116(C)(10) may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. *Oliver v Smith*, 269 Mich App 560, 564; 715 NW2d 314 (2006). If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. *Id*. "When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists." *Dextrom v Wexford County*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010).

Plaintiffs contend that the trial court's determination that public employers may privatize at any time was based on a "fail[ure] to follow the binding precedent from higher authorities." However, plaintiffs failed to direct this Court's attention to a single case or other "higher authority" that the trial court failed to acknowledge. "A party may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, or give issues cursory treatment with little or no citation of supporting authority." *Wolfe v Wayne-Westland Community Sch*, 267 Mich App 130, 139; 703 NW2d 480 (2005) (quotation marks and citation omitted). Generally, "[a]n appellant's failure to properly address the merits of his

assertion of error constitutes abandonment of the issue." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

Contrary to plaintiffs' assertion, the trial court did acknowledge the authority presented and accepted by all parties as controlling, including the disputed statute, MCL 423.215, and this Court's opinion in *Mount Pleasant Pub Sch v Mich AFSCME Council 25*, 302 Mich App 600; 840 NW2d 750 (2013). However, we agree with plaintiffs' assertion that the trial court misstated the law when, after reviewing the relevant authorities, it concluded that the PERA "unequivocally allows public employers to privatize at any time, even while a CBA is in effect."

"PERA is 'the dominant law regulating public employee labor relations.' " *Ranta v Eaton Rapids Pub Sch Bd of Ed*, 271 Mich App 261, 266-267; 721 NW2d 806 (2006), quoting *Rockwell v Crestwood Sch Dist Bd of Ed*, 393 Mich 616, 629; 227 NW2d 736 (1975). "Section 15 of PERA provides that a public employer has the duty to bargain in good faith with the bargaining unit over mandatory subjects of bargaining, which include wages, hours, and other terms and conditions of employment." *Mount Pleasant Pub Sch*, 302 Mich App at 608. However, the PERA also recognizes that "[a] public school employer has the responsibility, authority, and right to manage and direct on behalf of the public the operations and activities of the public schools under its control." MCL 423.215(2). Accordingly, the PERA exempts certain subjects from the bargaining mandate. *Mount Pleasant Pub Sch*, 302 Mich App at 608-609. These prohibited subjects are listed in MCL 423.215(3) and (4), the statutory subsections at issue in this case. In relevant part, MCL 423.215 provides:

> (3)    Collective bargaining between a public school employer and a bargaining representative of its employees shall not include any of the following subjects:
>
> * * *
>
> (f)  The decision of whether or not to contract with a third party for 1 or more noninstructional support services; or the procedures for obtaining the contract for noninstructional support services other than bidding described in this subdivision; or the identity of the third party; or the impact of the contract for noninstructional support services on individual employees or the bargaining unit. *However, this subdivision applies only if the bargaining unit that is providing the noninstructional support services is given an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders.*
>
> * * *
>
> (4)    Except as otherwise provided in subsection (3)(f), the matters described in subsection (3) are prohibited subjects of bargaining between a public school employer and a bargaining representative of its employees, and, for the purposes of this act, are within the sole authority of the public school employer to decide. [Emphasis added.]

Faced with facts similar to those presented in the instant case, this Court considered MCL 423.215(3) in *Mount Pleasant Pub Sch*, 302 Mich App at 619, ultimately concluding "the plain

language of the statute prohibits collective bargaining over four subjects: (1) the decision to contract for noninstructional support services, (2) the procedures for obtaining that contract, (3) the identity of the third party, and (4) the impact of the contract for noninstructional support services on individual employees or the bargaining unit." However, the Court recognized that the prohibitions of MCL 423.215(3) were limited, explaining:

> [T]he plain language of section 15(3)(f) provides that once the opportunity is afforded to a bargaining unit to bid for a contract on an equal basis with other bidders, the prohibition against collective bargaining concerning all listed subjects in MCL 423.215(3)(f) applies. The last sentence of section 15(3)(f) clearly states that the subdivision only applies "if the bargaining unit that is providing the noninstructional support services is given an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders." Therefore, if the bargaining unit is provided an equal opportunity to bid, then the prohibitions on bargaining listed in section 15(3)(f) remain. However, if the bargaining unit is not provided with an equal opportunity to bid, then the four subjects listed in section 15(3)(f) are not prohibited from bargaining. [*Id*. at 611 (quotation marks and citation omitted).]

Based on its interpretation of MCL 423.215(3)(f), the Court denied a group of former employees' claim that their employer, a Michigan school district, violated the PERA when it privatized their department without bargaining. *Id*. at 617. The Court reasoned that because the former employees had been presented with the opportunity to submit a bid but had failed to do so, they could not set forth evidence to prove that they were denied the opportunity to bid on an equal basis as the other bidders. *Id*.

It is clear that under MCL 423.215(3)(f), a school district is not permitted to privatize a noninstructional support service *at any time*, but *only* when the bargaining unit providing the relevant noninstructional support services is given an equal opportunity to bid on the contract. It is undisputed that HPS was bound by a CBA to negotiate terms of plaintiffs' employment with the union, and that the CBA was not set to expire until months after the school board voted to privatize its custodial services department. The subject of privatization was only a prohibited subject of bargaining if plaintiffs were given an equal opportunity to bid on the service department contract. The trial court erred when it decided as a matter of law that HPS's decision to privatize was not a breach of the CBA without conducting the requisite analysis and determining whether, based on the available evidence, a genuine issue of material fact remained as to whether plaintiffs had received such an opportunity.

Despite the trial court's erroneous application of MCL 423.215(3), reversal of the trial court's order is not required. We do not reverse a lower court's order when it has reached the right result for the wrong reason. *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000). Summary disposition under MCR 2.116(C)(10) was properly granted because plaintiffs failed to submit any evidence to prove that a genuine dispute of material fact still existed that, if resolved in plaintiffs' favor, would preclude entry of judgment in defendants' favor. "[T]he burden of proof is on the charging party to prove that it was not afforded an opportunity to bid on an equal basis as the other bidders." *Mount Pleasant Pub Sch*, 302 Mich App at 619. Although in the lower court plaintiffs made a conclusory allegation that they were not allowed an equal

opportunity to submit a bid, they failed to support the allegation with argument, affidavits, deposition testimony, or any documentary evidence.

Similarly, on appeal, plaintiffs have not argued that any factual dispute remains. Rather, plaintiffs offer the bare conclusion that they were prohibited from bidding on the custodial services department contract on an equal basis with the other bidders without supporting their conclusion with citations to record evidence. As this Court stated in *Mount Pleasant Pub Sch*, 302 Mich App at 614, "it is not enough for the charging parties to merely allege that they were not afforded an opportunity to bid on an equal basis—they must provide factual allegations necessary to establish their claim." After defendants properly supported their motion for summary disposition, plaintiffs bore the burden to set forth evidence creating a genuine dispute of material fact precluding judgment in favor of defendants. MCR 2.116(G)(4). Plaintiffs simply failed to meet their burden, and summary disposition under MCR 2.116(C)(10) in favor of defendants was therefore appropriate.

Affirmed.


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola