*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIA T. PROSE,

       Plaintiff-Appellant,

v

THOMAS M. PROSE,

       Defendant-Appellee.

UNPUBLISHED
June 10, 2021

No. 351776
Wayne Circuit Court
LC No. 15-004686-CZ

Before: REDFORD, P.J., BORRELLO and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's entry of the parties' stipulated order that contained a final order in her civil action entered in a consolidated divorce and civil action.[1] In this appeal, plaintiff challenges the trial court's denial of her motion to file a second amended complaint in her civil action to add a party, General Medicine, P.C. (General Medicine), and add

---

[1] The parties previously sought and were granted leave to appeal the trial court's opinion and order that granted defendant summary disposition of plaintiff's fraud claims related to the parties' previous divorce proceedings but also granted plaintiff leave to file an amended complaint. This Court affirmed in part, vacated in part, and remanded the case for further proceedings. See *Prose v Prose*, unpublished per curiam opinion of the Court of Appeals, issued September 7, 2017 (Docket Nos. 330886 and 331265), lv den 501 Mich 1081 (2018). Plaintiff also sought leave to appeal to this Court from the trial court's April 9, 2018 order entered after remand in which the trial court denied plaintiff's motion to file a second amended complaint in her civil action and denied her motion to enforce an order entered by the trial court in the divorce action before entry of its final judgment of divorce. This Court denied leave for failure to persuade the Court of the need for immediate consideration. *Prose v Prose*, unpublished order of the Court of Appeals, entered September 27, 2018 (Docket No. 343568).

claims against defendant and General Medicine of conversion and unjust enrichment respecting marital property to which she asserts entitlement as part of the divorce.[2] We affirm.

## I. BACKGROUND FACTS

The parties married in the 1980s and during their marriage owned and operated General Medicine, a company that provided medical services. The parties commenced a divorce action during 2010 that resulted in the trial court's entry of a judgment of divorce on March 22, 2011. On April 7, 2015, plaintiff filed a civil action against defendant alleging that through fraud and material misrepresentations he induced plaintiff's consent to provisions in the judgment of divorce that resulted in an improper marital estate property division related to anticipated proceeds from business litigation between General Medicine and Horizon/CMS Health Care Corporation (Horizon) for breach of a services agreement. That litigation started in 1996 when General Medicine sued Horizon in the United States District Court for the Eastern District of Michigan. In April 2004, General Medicine, Horizon, and Horizon's then parent company, Meadowbrook Healthcare, Inc., entered a settlement agreement that required General Medicine and Horizon to enter a consent judgment. The settlement agreement did not release Horizon from liability, but General Medicine agreed to not bring another suit against Horizon, or otherwise execute the forthcoming consent judgment, in exchange for $300,000. Horizon and Meadowbrook also agreed to transfer "any assets or property" to General Medicine that they received "as a result of any action" General Medicine brought against "HealthSouth Corporation to execute on the Consent Judgment." During May 2004, the federal district court entered a consent judgment against Horizon for $376 million dollars and ordered that General Medicine could use available legal means to execute on the judgment. A few months later General Medicine filed a fraudulent-transfer complaint against HealthSouth Corporation in Alabama alleging that it obtained a judgment against Horizon that had not been satisfied, and that HealthSouth, while Horizon's sole shareholder, directed Horizon to fraudulently transfer its assets to HealthSouth to frustrate General Medicine and Horizon's other creditors.

In September 2008, General Medicine filed an amended complaint asking the Alabama trial court to pierce HealthSouth's corporate veil on the ground that it used its corporate form to perpetrate a fraud on General Medicine and HealthSouth's other creditors. During May 2009, the Michigan federal district court granted nonparty HealthSouth's motion to set aside the consent judgment on the ground that General Medicine and Horizon committed a fraud on the court by failing to disclose the terms of their settlement agreement, which included that General Medicine

---

[2] Plaintiff previously sought to appeal the trial court's denial of her motion in the divorce action to enforce or reopen the judgment of divorce. This Court dismissed that part of her claim of appeal for lack of jurisdiction because the order from which she claimed her appeal is not a final order in the divorce action. *Prose v Prose*, unpublished order of the Court of Appeals, entered December 19, 2019 (Docket No. 351776).

would collect only $300,000 of the $376 million judgment from Horizon.[3]  General Medicine appealed to the United States Sixth Circuit Court of Appeals.

The parties' divorce action commenced in January 2010.  On August 17, 2010, the divorce court entered a preliminary order that covered matters which included payment by defendant of overdue support, the transfer of a car's title to plaintiff, possession of the marital home during the pendency of the divorce, defendant's withdrawal of money from 529 college savings accounts in violation of an injunction previously entered by the court, the liquidation of an investment account to pay an existing credit facility, and management of funds if General Medicine obtained new credit facility approval.  The order also permitted defendant and General Medicine to abandon the Horizon litigation with the proviso that "[i]f any benefits of any kind are ever received relative to that claim, Plaintiff is entitled to 50% of the value of same."

In March 2011, the divorce court entered the judgment of divorce which ordered defendant to pay plaintiff, via wire transfer, an amount of cash; and the judgment further obligated defendant to pay plaintiff monthly spousal support with specified collateral securing defendant's obligations, and defined remedies should defendant default on his various obligations.  Relevant to this case, under the terms of the judgment of divorce, defendant became the sole owner of General Medicine, and to the extent that it or its related entities ever recovered anything from the HealthSouth litigation, defendant would become the sole owner of such recovery free and clear of all claims by plaintiff.  The judgment of divorce provided that upon its execution all rights and claims between the parties except for fraud pertaining to the negotiation and enforcement of the judgment were fully satisfied.

Almost a year after the entry of the judgment of divorce, the United States Sixth Circuit Court of Appeals issued an opinion that reinstated the Horizon consent judgment.  *Gen Med, PC v Horizon/CMS Health Care Corp*, 475 Fed Appx 65, 66 (CA 6, 2012).  Three years later, the Alabama trial court entered a joint stipulation of dismissal with prejudice of the parties' respective claims, and, according to defendant's filings, General Medicine executed a satisfaction and release of the Horizon consent judgment during that month.

Plaintiff moved in the divorce court in April 2015 to enforce the judgment of divorce as it pertained to certain sculptures and other pieces of personal property that went missing during the divorce action.  She also filed this civil action in the trial court claiming fraudulent inducement, fraudulent misrepresentation, innocent misrepresentation, and silent fraud against defendant on the ground that he concealed and misrepresented the status and prospects of the Horizon litigation and the HealthSouth litigation during the divorce action.  Eventually, plaintiff withdrew her motion to

---

[3] *Gen Med PC v Horizon/CMS Health Care Corp*, unpublished opinion and order of the United States District Court for the Eastern District of Michigan, issued May 21, 2009 (Case No. 96-72624), pp 3-6.  Then in February 2010, the federal district court entered a clarifying order and opinion explaining that the parties' underlying settlement agreement had been performed even though the consent judgment had been set aside.  *Gen Med, PC v Horizon/CMS Healthcare Corp*, unpublished opinion and order of the United States District Court for the Eastern District of Michigan, issued February 25, 2010 (Case No. 96-72624), pp 1-2.

enforce the judgment of divorce, the trial court granted defendant summary disposition of plaintiff's fraud claims, and permitted plaintiff to file an amended complaint that raised claims concerning some missing sculptures.[4]

Both plaintiff and defendant sought and were granted leave to appeal the trial court's orders: defendant appealed the order permitting plaintiff to amend her complaint; plaintiff appealed the order granting defendant summary disposition of her claims. This Court affirmed the trial court's grant of defendant's motion for summary disposition, and affirmed in part and vacated in part the trial court's grant of plaintiff's motion to file an amended complaint. *Prose*, unpublished per curiam opinion of the Court of Appeals, issued September 7, 2017 (Docket Nos. 330886 and 331265).

Then, in November 2017, plaintiff filed a motion in the divorce court requesting enforcement of that court's August 2010 prejudgment order that stated that she would be entitled to 50% of any recovery from the Horizon litigation on the ground that the HealthSouth litigation primarily constituted an extension of the Horizon litigation. In her civil action, plaintiff moved for leave to file a second amended complaint to add General Medicine as a defendant, and to add claims of unjust enrichment and conversion against General Medicine and defendant based on entitlement to 50% of the proceeds from the settlement in the HealthSouth litigation under the August 2010 order in the divorce action.

The trial court entered an opinion and order on April 9, 2018, in the consolidated divorce and civil actions denying plaintiff's motion to enforce the August 2010 order and judgment of divorce or alternatively to reopen the divorce property settlement, and denying plaintiff's motion for leave to file a second amended complaint in the civil action. The trial court denied plaintiff's motion to enforce on the grounds that the actual language of its August 2010 preliminarily order, entered before the judgment of divorce, provided plaintiff only the entitlement to make a claim to any proceeds potentially recovered from the Horizon litigation, but explained that entry of the judgment of divorce superseded the August 2010 temporary order.

The trial court further explained, among other things, that under the express terms of the judgment of divorce, plaintiff released all claims to any proceeds from the HealthSouth litigation and all claims against General Medicine. The court ruled that plaintiff's motion to amend based upon her contention regarding the August 2010 order, therefore, would be futile. In November 2019, the trial court entered a stipulated settlement order that dismissed with prejudice plaintiff's claims in the civil action regarding the missing sculptures. The order also provided that plaintiff's claims "involving the Horizon judgment" were not settled and that plaintiff was "free to pursue an appeal of right as to those issues."

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision regarding a plaintiff's motion to amend the pleadings for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). "An abuse of discretion occurs when the decision is outside the range of

---

[4] Later, the trial court consolidated the divorce action and the civil action.

principled outcomes." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011). "A court by definition abuses its discretion when it makes an error of law." *In re Ingham Co Treasurer for Foreclosure*, 331 Mich App 74, 78; 951 NW2d 85 (2020) (quotation marks and citation omitted). "The trial court's legal conclusions are, of course, reviewed de novo." *Essexville v Carrollton Concrete Mix, Inc*, 259 Mich App 257, 265; 673 NW2d 815 (2003). "Interpreting the meaning of a court order involves questions of law" reviewed de novo on appeal. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008). Whether the law-of-the-case doctrine applies is a question of law that this Court reviews de novo. *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008). While the question whether a party has been unjustly enriched is generally one of fact, "whether a claim for unjust enrichment can be maintained is a question of law" reviewed de novo. *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006).

## III. ANALYSIS

Plaintiff argues that the trial court erred by denying her motion for leave to file a second amended complaint. We disagree.

"The rules pertaining to the amendment of pleadings are designed to facilitate amendment except when prejudice to the opposing party would result; amendment is generally a matter of right rather than grace." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). Under MCR 2.118(A)(2), a "trial court should freely grant leave to amend a complaint when justice so requires." *Sanders*, 303 Mich App at 9. "Ordinarily, a motion to amend a complaint should be granted unless the amendment would be futile." *Id*. "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998).

"Conversion, both at common law and under the statute, is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 447; 844 NW2d 727 (2013) (quotation marks and citation omitted). "Conversion may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party." *Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 14; 779 NW2d 237 (2010).

MCL 600.2919a codified remedies for conversion as follows:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

> (a) Another person's stealing or embezzling property or converting property to the other person's own use.

> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen,

embezzled, or converted property knew that the property was stolen, embezzled, or converted.

> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

"To support an action for conversion of money, the defendant must have an obligation to return the specific money entrusted to his care." *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 111; 593 NW2d 595 (1999). "The defendant must have obtained the money without the owner's consent to the creation of a debtor and creditor relationship." *Id*. at 112 (quotation marks and citation omitted). "Although an action cannot be maintained for conversion of money unless there is an obligation on the part of the defendant to return the specific money entrusted to his care, it is not necessary that the money should be specifically earmarked for its return." *Citizens Ins Co of America v Delcamp Truck Ctr, Inc*, 178 Mich App 570, 575; 444 NW2d 210 (1989) (citation omitted).

"Unjust enrichment is defined as the unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v Mandeville*, 487 Mich 38, 47-48; 790 NW2d 260 (2010) (quotation marks and citation omitted). "A claim of unjust enrichment requires the complaining party to establish (1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party." *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22-23; 831 NW2d 897 (2012).

"Not all enrichment is unjust in nature, and the key to determining whether enrichment is unjust is determining whether a party unjustly received and retained an independent benefit." *Id*. at 23. "No person is unjustly enriched unless the retention of the benefit would be unjust." *Buell v Orion State Bank*, 327 Mich 43, 56; 41 NW2d 472 (1950). "One is not unjustly enriched, however, by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution." *Id*. (quotation marks and citation omitted).

"A 'judgment' is '[a] court's final determination of the rights and obligations of the parties in a case.' " *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 351; 852 NW2d 22 (2014), quoting *Black's Law Dictionary* (9th ed) (alteration in the original). Public policy demands finality of litigation in family law to preserve surviving family structure. *Staple v Staple*, 241 Mich App 562, 565; 616 NW2d 219 (2000).

Plaintiff contends that in the trial court's August 2010 order it awarded her 50% of any proceeds from the Horizon litigation and that the judgment of divorce's terms did not change that. Plaintiff's contention lacks merit. The August 2010 order provided that defendant and General Medicine could abandon the Horizon litigation but if "any benefits of any kind are ever received relative to that claim, Plaintiff is entitled to 50% of the value of same." The parties' March 2011 judgment of divorce, however, served as the final distribution of the marital assets and stated that, to "the extent that General Medicine, P.C. or any of its related entities should ever recover anything from the Health South litigation, Defendant shall become and be the sole and separate owner of same, free and clear of all claims by Plaintiff." Additionally, the judgment of divorce specified that defendant would "be the sole and separate owner of" General Medicine "free and clear of any claims by Plaintiff." These provisions lack ambiguity.

The judgment of divorce also contained the following merger provisions:

> Except as otherwise provided in this Judgment of Divorce, the terms of this Judgment of Divorce shall be in full satisfaction of all claims that either may have in any property which the other owns or may own in the future or in which the other may have an interest.

> *   *   *

> The contents of this Judgment of Divorce are made in full satisfaction of any and all rights and claims of whatsoever kind or nature from the beginning of time until the date of execution of this Judgment of Divorce, including but not limited to contract, personal injury, and tort claims, which either party may claim against the other, except for fraud pertaining to the negotiation and enforcement of this Judgment of Divorce.

In September 2015, the trial court entered an order granting defendant's motion for summary disposition, and in an accompanying opinion the court twice characterized the August 2010 order as having "awarded" plaintiff half of the value of any benefits recovered from the Horizon litigation. After this Court affirmed the trial court's grant of summary disposition of plaintiff's fraud claims that concerned plaintiff's prospective entitlement to the proceeds from the HealthSouth litigation,[5] plaintiff moved to enforce the divorce court's August 2010 order, and also moved for leave to file a second amended complaint in the trial court to add General Medicine as a defendant and to assert claims of conversion and unjust enrichment. The court issued a consolidated opinion and order that denied both of plaintiff's motions.

In the divorce court portion of the consolidated opinion and order, the court denied plaintiff's motion to enforce the August 2010 order. The court explained that it committed an unintentional linguistic error in its September 2015 opinion when it used the word "awarded" rather than "entitled." The court, relying on dictionary definitions, ruled that "entitled" in the August 2010 order meant that plaintiff could "make a claim" for half of any recovery from the Horizon litigation "without an accompanying analysis or judicial decree." The court, therefore, amended the September 2015 opinion to remove the word "awarded." It also ruled that the judgment of divorce extinguished plaintiff's claim because the August 2010 order merely provided temporary relief, whereas, the terms of the final judgment of divorce provided that plaintiff released any claims she had against General Medicine.

Generally, the scope of a release is governed by the intent of the parties as expressed in the release; if the text in the release is unambiguous, the parties' intentions must be ascertained from the plain, ordinary meaning of the language of the release. *Rinke v Automotive Moulding Co*, 226 Mich App 432, 435; 573 NW2d 344 (1997). In this case, the judgment of divorce lacks ambiguity, particularly regarding the release of claims by plaintiff as to defendant and General Medicine. Further, the parties were represented by counsel and by executing the document, the parties and

---

[5] *Prose*, unpub op at 1.

their respective counsel signified that they approved as to form and substance the terms of the judgment of divorce.

In the trial court portion of the opinion and order, the court relied on the divorce court's analysis regarding the denial of plaintiff's motion to enforce,[6] and ruled that plaintiff's amendments would be futile because the extinguishment of plaintiff's right to make a claim for 50% of the Horizon litigation recovery meant that plaintiff lacked any property that could be converted. Similarly, the court ruled that the judgment of divorce served essentially as a contract between the parties, and plaintiff's claim for unjust enrichment failed because the judgment of divorce governed the ownership of General Medicine's recovery from HealthSouth.

Plaintiff argues that the trial court erred when it relied on the divorce court's ruling that its August 2010 order only provided that plaintiff could make a claim for half of the value of any recovery in the Horizon litigation. Plaintiff contends that in its August 2010 order, the divorce court actually pronounced that she had absolute ownership of half of any recovery from the Horizon litigation, and confirmed that pronouncement when the trial court used the term "awarded" in its September 2015 opinion. Plaintiff also generally contends that the judgment of divorce neither required her to relinquish her ownership of 50% of any recovery from the Horizon litigation nor adjudicate her ownership in such recovery. The judgment of divorce's marital property disposition and release language, however, establishes quite the contrary.

Plaintiff also contends that defendant should be collaterally estopped from denying plaintiff's ownership of half of any recovery from the Horizon litigation because of the trial court's September 2015 opinion's description of the August 2010 order. In support of her contention, however, plaintiff merely cites a single decision of the Michigan Supreme Court along with a parenthetical noting that the decision addresses the elements of collateral estoppel. "A party may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, or give issues cursory treatment with little or no citation of supporting authority." *Wolfe v Wayne-Westland Community Sch*, 267 Mich App 130, 139; 703 NW2d 480 (2005) (quotation marks and citation omitted). Courts "are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). "If a party fails to adequately brief a position, or support a claim with authority, it is abandoned." *MOSES, Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006). We are not persuaded by plaintiff's argument. Moreover, in its September 2015 opinion, the trial court explained that it had inadvertently and incorrectly characterized the nature of its August 2010 order and corrected its terminology to properly reflect the actual legal status of the parties as set forth in the parties' judgment of divorce. The trial court did not err in this regard.

---

[6] As discussed previously, this Court dismissed plaintiff's appeal from the divorce action for lack of jurisdiction. *Prose v Prose*, unpublished order of the Court of Appeals, entered December 19, 2019 (Docket No. 351776). The trial court explicitly relied on the divorce court's denial of plaintiff's motion to enforce to support the denial of plaintiff's motion for leave to file a second amended complaint. Therefore, the divorce court's denial of plaintiff's motion to enforce is relevant to this appeal to the extent that the trial court relied on the divorce court's analysis.

Plaintiff further argues that the court's interpretation of the August 2010 order, and its amendment of the September 2015 opinion, were contrary to the law-of-the-case doctrine because this Court implicitly determined that the Horizon litigation and the HealthSouth litigation constituted separate entitlements, and that plaintiff remained entitled to 50% of any recovery from the Horizon litigation. Plaintiff's argument is unavailing.

"Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (quotation marks and citation omitted). "Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id*. "However, the law-of-the-case doctrine only applies to issues actually decided—implicitly or explicitly—on appeal." *Kasben*, 278 Mich App at 470.

In the previous appeal, this Court affirmed the trial court's grant of summary disposition of plaintiff's fraud claims, agreed with the trial court that plaintiff's contentions regarding the link between the Horizon litigation and the HealthSouth litigation were immaterial because plaintiff's fraud claims were not viable, and otherwise declined to consider plaintiff's arguments regarding the Horizon litigation because they were not ripe. *Prose*, unpub op at 7. In other words, this Court not only made no determinations regarding plaintiff's arguments concerning the Horizon litigation, this Court explicitly refused to consider those arguments. Therefore, plaintiff's reliance on this Court's earlier opinion for purposes of invoking the law-of-the-case doctrine lacks merit.

Plaintiff also argues that the trial court erred when it amended the September 2015 opinion because the court could not properly change a previous determination of property rights in the absence of fraud. The trial court's September 2015 opinion, however, determined that the parties' property interests were specifically adjudicated in the judgment of divorce and all claims respecting distribution of any marital assets merged into that final judgment.

Plaintiff argues further that the trial court improperly attempted to create ambiguity regarding the meaning of the word "entitled" in the August 2010 order, and that the court's interpretation of that term ran contrary to its plain and ordinary meaning. We disagree. As discussed previously, the trial court concluded that the August 17, 2010 order only provided that plaintiff could make a claim for 50% of the value of the Horizon litigation but the judgment of divorce extinguished such claim because the terms specified that plaintiff released any claims she possessed against General Medicine and released all claims she had against defendant regarding any property, and defendant became the sole owner of any potential recovery by General Medicine.

Plaintiff also protests that the court's interpretation of the term "entitled" ran contrary to its plain and ordinary meaning. We disagree.

In the context of statutory interpretation, our Supreme Court has observed that "[a]lthough a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context." *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003). "In seeking meaning, words and clauses will not be divorced from those which precede and those which follow." *Id*. (quotation marks and citation omitted).

*Black's Law Dictionary* (11th ed) defines "entitle" as "[t]o grant a legal right to or qualify for." Similarly, *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "entitle" as "to furnish with proper grounds for seeking or claiming something." The trial court recognized that use of the word "entitled" in the August 2010 order indicated only that at that time plaintiff could make a claim for half of any recovery from the Horizon litigation. The trial court correctly determined that the August 2010 order did not vest in plaintiff an ownership interest.

Plaintiff relies on *In re Jajuga Estate*, 312 Mich App 706, 719; 881 NW2d 487 (2015), in which this Court interpreted the term "entitled" as used in MCL 700.2404(1), a section of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, to "establish a right in a decedent's child to claim exempt property." In that case, this Court interpreted "entitled" in the context of reading the EPIC statutory scheme as a whole. *Jajuga*, 312 Mich App at 719. This Court's interpretation of the term "entitled" in *Jajuga* is not at odds with the interpretation the trial court gave the term below in its consolidated opinion and order because the term "entitled" as used in the EPIC means a right "to claim" exempt property. *Id*. In this case, the trial court ruled that the August 2010 order recognized that plaintiff had a right to make a claim for half of the value of any benefits received from the Horizon litigation but nothing more. Moreover, even if the term "entitled" in the August 2010 order could be construed to have broader meaning, the entry of the judgment of divorce very specifically addressed and determined the ownership issues respecting General Medicine and any potential proceeds from its business litigation. The trial court correctly understood this.

Plaintiff argues that the trial court erred when it ruled in its April 9, 2018 order that the August 2010 order served as a temporary order. We disagree.

Temporary court orders for purposes of domestic relations are governed by MCR 3.207(C), which provides as follows:

> (1) A request for a temporary order may be made at any time during the pendency of the case by filing a verified motion that sets forth facts sufficient to support the relief requested.

> (2) A temporary order may not be issued without a hearing, unless the parties agree otherwise or fail to file a written objection or motion as provided in subrules (B)(5) and (6).

> (3) A temporary order may be modified at any time during the pendency of the case, following a hearing and upon a showing of good cause.

> (4) A temporary order must state its effective date and whether its provisions may be modified retroactively by a subsequent order.

> (5) A temporary order remains in effect until modified or until the entry of the final judgment or order.

> (6) A temporary order not yet satisfied is vacated by the entry of the final judgment or order, unless specifically continued or preserved. This does not apply

-10-

to support arrearages that have been assigned to the state, which are preserved unless specifically waived or reduced by the final judgment or order.

Under MCR 3.207(C)(5) entry of a final judgment or order ends a temporary order's effectiveness and under MCR 3.207(C)(6) an unsatisfied temporary order is vacated by the entry of a final judgment or order unless specifically continued or preserved. In the consolidated opinion and order, the trial court ruled that the August 2010 order provided temporary relief that the entry of the judgment of divorce vacated. Plaintiff contends that the August 2010 order could not have been a temporary order because it did not state an effective date or contain a statement regarding whether its provisions could be modified retroactively, as required by MCR 3.207(C)(4). Close analysis of the August 2010 order indicates that it had an effective date of entry, specified temporary relief necessitated by the circumstances, identified plaintiff's right to claim 50% of any potential proceeds from the Horizon litigation, but nowhere purports to make any final nonmodifiable ruling on property ownership or the distribution of the marital estate's assets. The order's plain language cannot be interpreted to have established a final dispositive ruling regarding the distribution of the marital estate's assets. The terms of the judgment of divorce, however, resolved all of the issues pertaining to the parties' respective property ownership interests and the final distribution of the marital estate's assets. The trial court, therefore, did not err by concluding that the August 2010 order did not create a vested ownership interest in plaintiff in potential recovery from the Horizon litigation.

Plaintiff asserts that the trial court denied her motion for leave to file a second amended complaint without proper grounds for doing so. We disagree.

Plaintiff moved to add General Medicine as a defendant and to add counts of unjust enrichment and conversion against it and defendant based on her belief that the divorce court in its August 2010 order had awarded her 50% of the proceeds from the settlement in the HealthSouth litigation. She asserted that the HealthSouth litigation settlement constituted part of the Horizon litigation. The trial court ruled that plaintiff's amendment would be futile because she released all claims against General Medicine, including its recovery from HealthSouth, pursuant to the judgment of divorce, and the judgment of divorce similarly barred her unjust-enrichment claim.

Plaintiff contends that the provisions of the judgment of divorce releasing her claims against General Medicine and her entitlement to any portion of the recovery from the HealthSouth litigation would not bar her conversion and unjust-enrichment claims because the settlement in the HealthSouth litigation constituted part of the Horizon litigation. According to plaintiff, the HealthSouth litigation consisted of two distinct components: (1) General Medicine's fraudulent-transfer claims against HealthSouth that were brought to execute the federal consent judgment, and (2) General Medicine's direct damage claims against HealthSouth that were dismissed by the Alabama trial court. Plaintiff also asserts that the HealthSouth litigation settlement was part of the Horizon litigation because defendant admitted that the HealthSouth settlement resulted in the release of the federal consent judgment.

As discussed previously, the terms of the judgment of divorce released all claims and resolved all rights and claims of any kind whatsoever that either party had or could claim against the other. Plaintiff also released all claims respecting any interest in General Medicine or any

recovery from its business litigation. Further, all claims merged into the judgment of divorce. The trial court properly concluded that the provisions of the judgment of divorce defeated plaintiff's arguments for amendment.

Further, the judgment of divorce did not parse or otherwise recognize any bifurcation of the HealthSouth litigation. It provided that to "the extent that General Medicine, P.C. or any of its related entities should ever recover anything from the Health South litigation, Defendant shall become and be the sole and separate owner of same, free and clear of all claims by Plaintiff." Because that unequivocal language barred plaintiff from any recovery from the HealthSouth litigation, the trial court properly determined that plaintiff's proposed amendment would be futile. Therefore, the fundamental premise on which plaintiff based her proposed claims bore a fatal flaw. Accordingly, the trial court correctly denied plaintiff's motion to amend her complaint.

Affirmed.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Jonathan Tukel

-12-